IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:12cr278 (JCC) |
| | ) | |
| JOHNNY SOZA | ) | |
| | ) | |
| Defendant | ) | |

## MEMORANDUM OPINION

This matter is before the Court pursuant to Defendant Johnny Soza's Motion for Review of Detention Order. For the reasons set forth below, the motion is DENIED:

I.

Based on the de novo[1] hearing conducted in this matter on July 20, 2012, the Court finds the relevant facts to be as follows:

The Defendant was indicted on June 26, 2012, on Count One 18:2422(b) Enticement of a Minor to Engage in Sexual Activity; Count Two 18:2251(a) Production of Live Visual Depictions of a Minor Engaging in Sexually Explicit Conduct; Count Three 18:2251(a) Production of Visual Depictions of a Minor Engaging in Sexual Explicit Conduct; Count Four (3) 18:2252(a)(2) and 2256(8)(A) Receipt of Child Pornography. The indictment also contains a forfeiture count. On June 29, 2012, the Magistrate Judge conducted a detention hearing and ordered the Defendant be detained pending trial. The Defendant now moves for bond.

II.

In deciding whether or not a Defendant poses a danger to the community, thus mandating his detention pending trial, the Court must consider the factors set forth in

---

[1] De novo review is conducted pursuant to United States v. Williams, 753 F.2d 329, 333(4th Cir. 1985).

1

18 U.S.C. § 3142(g). These factors include:

    (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.

As indicated above the Defendant has been charged with four counts involving a minor in a sexual content. It is a crime of violence.

    (2) The weight of the evidence against the accused.

The Governments evidence indicates that the authorities have uncovered text messages, emails, Skype logs, photographs, hotel receipts, credit card statements and taped oral statements from both the Defendant and the minor victim showing that the alleged crime was committed, as set forth in the indictment. The Defendant, along with other minors, persuaded the minor victim masturbate for him and take pictures of her genitals and send it to him. Forensic analysis of Defendant's iPhone and computer also reveal naked pictured of the minor victim, along with a picture of both of them in the hotel room in Canada. The Defendant admits communicating with the minor and traveling to Canada to see her. He also admits taking her to a hotel in Canada. The minor victim alleges that they had sexual intercourse, which the Defendant denies.

The victim's father became aware of the contact between her and the Defendant in this case on January 23, 2012 and found sexually explicit messages and pictures on her iPod. Out of anger, he smashed the iPod and began communicating with the Defendant letting him know what he was doing was improper and that they contacted the police and was trying to locate him through the pictures that were sent of himself in uniform and along with his motorcycle. They were trying to trace the license plate. Notwithstanding, the father telling the Defendant the Defendant to stay away from his daughter, the Defendant continued to contact the victim and met her in Canada and went to a hotel room. The minor victim communicated with him using a

friends blackberry.

On or about February 17, 2012, Defendant drove from the United States to Canada to pick up the minor victim after school and drove her to a Marriott Courtyard in Hamilton, Canada. He used his Chase credit card to pay for the hotel room. They stayed in the room for two to three hours and the victim stated they engaged in sexual intercourse, at times, without a condom. After engaging in sexual intercourse, Defendant drove the minor victim to a Burger King drive-thru, dropped her off and returned to the United States.

The Government alleges also that the defendant communicated with other minor females online in a sexually suggestive manner, while also seeking pictures of their naked bodies. He has sent pictures of his erect penis to two additional high school female online.
The statutes involve the mandatory minimum of fifteen years incarceration for the production of child pornography, mandatory minimum of ten years incarceration for the enticement of a minor, mandatory minimum of five years incarceration for receipt of child pornography. According to the Government, the Defendant has been talking to the minor victim in Canada along with several other minor females online in a sexually suggestive manner, while attempting to receive naked pictures of their bodies. This alleged conduct has occurred for ten months.

Accordingly, the Governments evidence is very strong.

(3)  The history and characteristics of the person.

The Defendant has no prior record. The Defendant is 35 years old, married, has two children and was previously employed as a firefighter and paramedic prior to his detention. The pretrial report also shows that Defendant suffers from depression and post-traumatic stress syndrome. He takes Zoloft for depression.

(4)  The nature and seriousness of the danger posed to any person or the community that would be posed by the accused's release.

The Defendant does pose a danger to the community because he is a serial online sexual predator of minor females and has succeeded in deceiving his family and co-workers while engaging in a pervasive form of criminal activity. Despite the illegality of his conduct and knowing that the victim's father learned of his online conduct and had contacted law enforcement, defendant still drove to Canada to entice the minor for sexual contact.

The Defendant offers a third party custodian, Mr. Harold Kersellius, a retiree that lives with his wife in the house next to the Defendant and at times goes to the doctor and goes to the commissary. He has known the Defendant as a neighbor, familiar with the charges, has an ADT system with alarms and has agreed to allow the Defendant to live with him. His house has three computers, one is disabled, one his wife uses and one that the Mr. Kersellius uses. There are other minors in the neighborhood and he indicated that has a security to alarm on the doors of his house, no bars on the windows. Notwithstanding, Mr. Kersllius indicated that he would be willing to serve as a third party custodian. The Court feels that the nature and circumstances of the offense and particularly the proffer of the Defendants engaging in online sex with the victim and other minors poses a threat the community. Mr. Kersllius testimony is not sufficient to overcome the presumption that any combination of conditions will assure the Defendant's presence at trial. The Defendant traveled to Canada for sex after the victim's father told him he was reporting the incident to the police. The Defendant poses a threat to the community.

Accordingly, Defendants the Defendant's Motion for Review of Detention Order is DENIED.

Alexandria, Virginia  
July 20, 2012

/s/  
James C. Cacheris  
United States District Judge